Appeal by defendant from a judgment in the Supreme Court in favor of plaintiff, entered in the Franklin County Clerk’s office on the 23d day of December, 1949, and from an order denying defendant’s motion to set aside the verdict of the jury, entered in the same office on the 20th day of December, 1949. Plaintiff was injured while riding as a passenger in an automobile truck owned and operated by defendant when it was involved in an intersection collision a short distance south of Ottawa in the Province of Ontario, Canada. The complaint alleges that defendant employed plaintiff to accompany him from Saranac Lake, New York, to Ottawa and return, for the purpose of obtaining some costumes at Ottawa and transporting them to Lake Placid, New York. The answer raised the issues of negligence, injuries and employment, and alleged as a separate defense, subdivision (2) of section 47 of the Highway Traffic Act of Ontario, Canada (3 Rev. Stat. of Ontario [1937], p. 3917) which provided nonliability for injury to a gratuitous passenger. At the trial both parties called as witnesses legal experts from the Province of Ontario. There was no dispute between them as to the Ontario law in all its applicable phases. The statute provided that a gratuitous passenger has no cause of action against the owner Or driver, but, as interpreted by the courts, an exception exists and the statute is inapplicable when the relationship between the parties is that of master and servant. The record discloses ample evidence from which defendant’s negligence could be found. The principal contention of the appellant is the insufficiency of the evidence of the requisite master and servant relationship. Plaintiff testified that defendant asked “ if I would go along and help,” and upon plaintiff’s reluctance, defendant said he would pay all expenses. Plaintiff thereupon consented to go. It appears that plaintiff did actually assist in loading some large boxes of costumes at Ottawa. Defendant admits asking plaintiff to go; that he paid plaintiff’s hotel bill at Ottawa, and that plaintiff rendered some assistance on the trip. He denies asking the plaintiff to go for the purpose of assisting, however, and contends that the slight assistance was voluntary. The trial court submitted the question of the relationship pi the *919 parties to the jury with clear and explicit instructions that there could be no recovery unless the plaintiff was in the defendant’s employ at the time and correctly explained the requirements of that relationship. The evidence was sufficient to create a question of fact. The contention that the Workmen’s Compensation Law applies, not having been raised at the trial, is unavailable to appellant for the first time on appeal. Judgment and order unanimously affirmed, with costs and disbursements to respondent. Present — Heffernan, J. P., Brewster, Deyo, Bergan and Coon, JJ.